UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:   -cv-

CESAR THERAN

    Plaintiff,

v.

THE SOL GROUP, CORP.,
a Florida Corporation, IVONNE AGUILERA,
MARIA DEL PILAR DOLS COMPANY,
ANDRE P. GERONDEAU, and ALVERO
TEJADA, individuals

    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, CESAR THERAN ("hereafter referred to as "THERAN"), by and through his undersigned counsel, and hereby sues Defendants, SOL GROUP CORPORATION., a Florida Corporation (hereafter referred to as "SOL GROUP"), IVONNE AGUILERA, MARIA DEL PILAR DOLS COMPANY, ANDRE GERONDEAU, and ALVARO TEJADA, (herein after referred to as ("OWNERS") (collectively referred to as "Defendants") and as ground alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs, and attorney's fees for willful violations of overtime wages under the laws of the United States, the Fair Labor Standards Act, as amended, 29. U.S.C. §201 *et. seq.*("FLSA"), and Violation of Florida Statute §448.110.

## PARTIES

2. Plaintiff, CESAR THERAN, is an adult male who presently resides in Miami, Miami-Dade County, Florida.

3. Defendant, SOL GROUP, a Florida Corporation, did at all times material, conduct substantial and continuous business in the Southern District of Florida. SOL GROUP is located at 800 Brickell Avenue Suite 1000 Miami, FL 33133.

4. Defendant, OWNERS, owned, managed, and/or operated SOL GROUP and regularly exercised the authority to hire and fire employees, determine work schedule of employees, set the rate of pay for employees, and controls the finances and operations of SOL GROUP.

5. The Defendants are an enterprise engaged in an industry affecting interstate commerce, are "employer[s]" as defined by 29 U.S.C. §203(d) and s(1), in that they have employees engaged in interstate commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

6. Based upon information and belief, the annual gross sales volume of the Defendants entity was in excess of $500,000.00 per annum at all times material hereto.

7. At all times material hereto, THERAN is and continues to be a resident of Miami, Miami-Dade County, Florida and was an "employee" of the Defendants within the meaning of the FLSA.

8. At all times material hereto, the worked performed by THERAN was directly essential to the business performed by the Defendants.

9. At all times material hereto, the Defendants are and continue to be an "employer" within the meaning of the FLSA.

10. At all times material, during THERAN's employment with Defendants, the Defendants were engaged in interstate commerce of in the production of goods for commerce. The Defendants continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

## JURISDICTION AND VENUE

11. This Court has original subject matter jurisdiction over this suit pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

12. Venue is proper in the United States District Court of the Southern District of Florida under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district and payment was due in Miami-Dade County.

## FACTUAL ALLEGATION

13. On or about February 24, 2015, THERAN was hired as an IT technician by Defendants.

14. On or about July 31, 2019, THERAN no longer worked for Defendants.

15. THERAN was given a wage of $25.61 per hour.

16. THERAN, between August 13, 2017 and July 31, 2019, worked approximately sixty (60) hours per week.

17. THERAN worked in excess of forty (40) hours per week, but was not paid at the rate of time-and-one-half his regular hourly rate.

18. Although Defendants were able to keep track of hours worked by THERAN, Defendants failed to pay THERAN an overtime rate when working in excess of forty (40) hours a week.

19. THERAN should have been paid on an hourly, non-exempt rate during the entire course of his employment with Defendants.

20. THERAN is still owed for his overtime work completed from August 13, 2017 to July 31, 2019.

### COUNT I
### Violation of 29 U.S.C. § 207 (Unpaid Overtime)

21. THERAN re-alleges and incorporates paragraphs 1-20 as fully alleged therein.

22. As of August 13, 2017, in addition to THERAN's normal, regular work week, THERAN worked additional hours in excess of forty (40) per week which he was not compensated at the statutory rate of time and one-half.

23. THERAN was entitled to be paid at the rate of time and one-half for the hours worked in excess of the maximum hours provided for in the FLSA.

24. Defendants failed to pay THERAN's overtime compensation in the lawful amount for hours worked by THERAN in excess of the maximum hours provided for in the FLSA.

25. At all times, Defendants willfully employed THERAN for many work weeks longer than forty (40) hours, and failed to and/or refused to compensate THERAN for such work in excess of forty (40) hours at rate no less than one and one-half times the regular rate at which he was employed.

26. Defendants remain owing THERAN overtime wages and THERAN is entitled to recover double damages pursuant to the FLSA.

27. Records, if any, concerning the number of hours worked by THERAN and the actual compensation paid to him are in the possession and custody of Defendants.

28. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidence by its failure to compensate THERAN at the statutory rate of time and one-half for the hours in excess of forty (40) hours per week when it knew or should have known such was due.

29. Defendants failed to properly disclose or apprise THERAN of his rights under the FLSA.

30. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in their favor against Defendants:

a. Declaring that Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just.

## DEMAND FOR JURY TRIAL

A jury trial is demanded on all issues triable by jury.

Date:

Respectfully Submitted,

**GALLARDO LAW OFFICE, P.A.**
*Attorney for the Plaintiffs*
8492 SW 8th Street
Miami, Florida  33144
Telephone (305) 261-7000
Facsimile (786) 261-0088

_____
Elvis J. Adan, Esq.
elvis.adan@gallardolawyers.com
Fla. Bar No.: 24223